**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212)300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH TAPPER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>VERA WANG BRIDAL HOUSE, LTD. and VERA WANG,<br><br>Defendants. | COLLECTIVE ACTION COMPLAINT |

Plaintiff Keith Tapper ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Fitapelli & Schaffer, LLP, alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers who have been employed by Vera Wang Bridal House, Ltd. and Vera Wang (collectively "Defendants") at the Vera Wang brand's corporate offices located at 225 West 39th Street, New York, New York 10018 (the "Vera Wang Corporate Office").

2. Since the opening of its flagship bridal salon in 1990, the Vera Wang brand has been a staple of the New York City fashion industry. By the time the company launched its highly acclaimed ready-to-wear collection in 2000, the business had grown into a retail empire that currently employs over 200 individuals and is worth an estimated $700 million.

- 1 -

3. According to the company's website, Vera Wang's collections are, "positioned at the highest end of the luxury market," and, "hold impeccable customer appeal." Additionally, the Vera Wang brand, "goes beyond core bridal and ready-to-wear, and into publishing, fragrance, beauty, accessories and home." In the past few years, Vera Wang has provided dresses for numerous celebrities, such as Sandra Bullock, Beyonce, and Chelsea Clinton.

4. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

5. Plaintiff also brings a claim for unpaid overtime wages under the New York Labor Law ("NYLL") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## THE PARTIES

### Plaintiff

#### Keith Tapper

6. Plaintiff is an adult individual who is a resident of New York, New York.

7. Plaintiff was employed by Defendants at the Vera Wang Corporate Office as an Executive Assistant from April 7, 2008 to October 31, 2008.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. A written consent form for Plaintiff is attached to this Collective Action Complaint.

## Defendants

10. Defendants Vera Wang Bridal House, Ltd. and Vera Wang jointly employed Plaintiff and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

11. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

12. Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

13. Upon information and belief, Defendants' operations are interrelated and unified.

14. Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at the Vera Wang Corporate Office.

15. Upon information and belief, Defendants have had the power to determine employee policies at the Vera Wang Corporate Office, including, but not limited to, time-keeping and payroll policies.

### Vera Wang Bridal House, Ltd.

16. Vera Wang Bridal House, Ltd. ("Vera Wang Bridal House") is a domestic business corporation organized and existing under the laws of New York.

17. Upon information and belief, Vera Wang Bridal House's principal executive office is located at 225 West 39th Street, New York, New York 10018.

18. Vera Wang Bridal House is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed and/or jointly employed Plaintiff and similarly situated employees.

19. At all relevant times, Vera Wang Bridal House maintained control, oversight, and direction over the operations of the Vera Wang Corporate Office, including its employment practices, and engaged in the employment of Executive Assistants, including Plaintiff and similarly situated employees, to perform work in New York.

20. Upon information and belief, at all times relevant, Vera Wang Bridal House's annual gross volume of sales made or business done was not less than $500,000.00.

**Vera Wang**

21. Upon information and belief, Vera Wang ("Wang") is a resident of the State of New York.

22. Upon information and belief, at all relevant times, Wang has been the Chairman and Chief Executive Officer of Vera Wang Bridal House.

23. Plaintiff's 2008 W-2 Form specifically named his employer as "VERA WANG".

24. Upon information and belief, at all relevant times, Wang has had power over personnel decisions at Vera Wang Bridal House, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

25. Upon information and belief, at all times relevant, Wang has had power over payroll decisions at Vera Wang Bridal House, including the power to retain time and/or wage records.

26. Upon information and belief, Wang is actively involved in managing the day to day operations of Vera Wang Bridal House.

27. Upon information and belief, at all times relevant, Wang has also had the power to stop any illegal pay practices that harmed Plaintiff.

28. Wang is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

30. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

31. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

32. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were improperly classified as exempt from the overtime requirements of the FLSA, and regularly worked in excess of forty (40) hours per work week without being paid premium overtime compensation for all hours worked beyond forty (40) per workweek.

33. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

34. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to pay its employees, including Plaintiff and the FLSA Collective, overtime wages for hours that they worked in excess of forty (40) hours per work week;

    b. willfully classifying Plaintiff and the FLSA Collective, as exempt from the overtime requirements of the FLSA; and

c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

35. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiff and the FLSA Collective as exempt from the overtime requirements of the FLSA, and violating the FLSA by failing to pay them overtime premiums for time they worked in excess of forty (40) hours per workweek.

36. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per workweek.

37. Plaintiff and the FLSA Collective perform or performed the same primary duties.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

39. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff individually as follows:

### Keith Tapper

40. Throughout the duration of his employment with Defendants, Plaintiff consistently worked an average of fifty two (52) hours per workweek. Moreover, Plaintiff was provided with a company Blackberry, which he was required to use before and after he left the office.

41. Defendants failed to pay Plaintiff any overtime compensation for any of the hours he worked over forty (40) in a workweek.

42. Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

43. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked as an Executive Assistant to Elizabeth Musmanno, the Senior Vice President of Communications. Plaintiff's primary job duties included:

    a. answering telephone calls;

    b. scheduling meetings and appointments;

    c. arranging car service;

    d. coordinating restaurant and travel reservations;

    e. ordering breakfast and lunch meals;

    f. recording invoices onto a spreadsheet;

    g. filing documents; and

    h. ordering magazines;

44. Plaintiff's primary duty was not directly related to Defendants' management or general business operations. Plaintiff's primary duty did not include the exercise of discretion and independent judgment regarding matters of significance.

45. Throughout the duration of his employment, Plaintiff notified Defendants that he was working over forty (40) hours per workweek, and requested to be paid overtime. Specifically, Plaintiff consistently complained to Sabrina Espinal, a Human Resources employee, who responded by simply stating that Plaintiff was "exempt", without providing further explanation.

46. Upon information and belief, Defendants never made any attempts to ensure that their compensation policies complied with the FLSA and the NYLL.

47. On February 18, 2011, Plaintiff sent a letter to Charlie Pizarro, the Human Resources Director, describing Defendants' violations of the FLSA and attempting to resolve the matter without unnecessary litigation.

48.  In response to Plaintiff's letter, Defendants contacted Plaintiff via telephone and merely restated that he was exempt from getting overtime, without providing any additional explanation.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

49.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.  The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

51.  Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours worked in excess of forty (40) hours in a workweek.

52.  As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

53.  Defendants' unlawful conduct, as described in this Collective Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

54.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiff)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

57. Defendants have failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

58. By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week, they have willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Executive Assistants, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and other unpaid wages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

D. Pre-judgment interest and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action;

F. Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        March 4, 2011

                                    Respectfully submitted,

                                    _____
                                    Brian S. Schaffer (BS 7548)

                                    **FITAPELLI & SCHAFFER, LLP**
                                    Joseph A. Fitapelli (JF 9058)
                                    Brian S. Schaffer (BS 7548)
                                    Eric J. Gitig (EG 7399)
                                    475 Park Avenue South, 12th Floor
                                    New York, New York 10016
                                    Telephone: (212) 300-0375

                                    *Attorneys for Plaintiff and*
                                    *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Vera Wang and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

*Keith J—*

Signature

*Keith Richard Tipper*

Full Legal Name (Print)

███████████████

Address

███████████████

City, State        Zip Code